PRICE, Judge.
In these consolidated suits plaintiffs sought damages arising from a one-car accident which occurred while the car was under an emergency escort led by the Monroe City Police. At the close of plaintiffs’ case the trial court granted defendants’ motion for directed verdict. Plaintiffs appeal and we affirm.
At about 11:30 p. m. on the night of the accident, one of the occupants of the vehicle involved, Mildred Hollins, had been stabbed in an altercation at a bar on DeSiard Street in Monroe. She was placed in the vehicle by the other occupants and the driver headed west on DeSiard Street enroute to the hospital.
Officer Mickey Watts of the Monroe Police Department observed plaintiffs’ vehicle traveling down DeSiard Street at a high rate of speed and intercepted it as it stopped at a railroad crossing to allow a train to pass. As Watts approached the vehicle one of the passengers, Stevie Wright, got out and informed the officer that Ms. Hollins had been stabbed and was being transported to the hospital. Watts instructed Wright to follow him, pulled in front of plaintiffs’ vehicle, and continued in a westerly direction on DeSiard with his emergency lights on. Watts contacted Officer Herbert Otwell by radio who pulled his vehicle behind plaintiffs’ vehicle and began following with his emergency lights on.
The procession stopped at the intersection of DeSiard and South Grand Street and turned left, proceeding south on South Grand. South Grand is a two-lane street paralleling the Ouachita River with a posted speed limit of 35 m. p. h. There was little or no traffic on either street as the procession passed.
As the procession was traveling down South Grand, the driver of plaintiffs’ vehicle lost control entering a curve and skidded off the road striking a tree. Mrs. Hollins and Irma Wright, another passenger, were killed. Plaintiffs, Connie Vance and Belinda Sue Lewis, were seriously injured.
Officer Watts’ testified he had maintained a consistent speed of between 45 to 50 m. p. h. as he traveled along South Grand. He contends he slowed slightly as he entered the curve. He noticed the escorted vehicle had lagged behind somewhat and had accelerated rapidly a short distance before reaching the curve in an apparent effort to catch up with the police car. Although the driver of plaintiffs’ vehicle did not testify, Watts’ version of the accident was generally corroborated by the other witnesses.
At the conclusion of plaintiffs’ case, defendants moved for a directed verdict. The motion was granted by the court without explanation.
Plaintiffs appeal contending the court erred in granting defendant’s motion since they had established a prima facie case of negligence on the part of Officer Watts. They contend that one who volunteers to aid another in distress must use reasonable care in providing assistance and that Watts breached this duty by leading plaintiffs’ vehicle into the curve at an unsafe speed.
In LeJeune v. Allstate Ins. Co., 365 So.2d 471 (La.1978), the court found the duty of a police officer in escorting a funeral procession was to provide the escorted vehicles a safe, unobstructed path of travel. Although the present case involves an escort provided in an emergency situation, we find the basic purpose of such an escort is the same-to allow the escorted vehicle to reach its destination quickly by clearing the path of travel.
While it is true that one who provides assistance to another in distress owes that person a duty of reasonable care, Officer Watts did not assume control of plaintiffs’ vehicle, and thereby did not become responsible for the negligence of the driver of the escorted vehicle.
*836 Further, the evidence does not show the speed at which Officer Watts was proceeding was unreasonable or an unsafe •speed under. the emergency circumstances which existed.
Plaintiffs did not call the driver of their automobile as a witness to offer an explanation for his failure to follow the police vehicle at a consistent speed rather than lagging far behind and then accelerating rapidly to catch up, or to explain why he lost control of the automobile. Plaintiffs failed to show by a preponderance of the evidence that excessive speed of the police unit made it impossible for the driver to follow at a consistent interval.
We find no error in the trial court’s apparent conclusion that the negligence of the plaintiffs’ driver was the sole proximate cause of the accident.
The judgments are affirmed at appellants’ costs.